SHANON J. MCGINNIS (SBN 284234)
smcginnis@wargofrench.com
JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wargofrench.com
WARGO & FRENCH LLP
1888 Century Park East, Suite 1520
Los Angeles, California 90067
Telephone: (310) 853-6300
Facsimile: (310) 853-6333

Attorneys for Defendants Select Portfolio Servicing, Inc. and National Default Servicing Corp.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKECHUKWU OBIOMA UKAEGBE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., a Utah financial institution; BANK OF AMERICA, N.A., a Delaware financial institution; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona financial institution; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332**<br><br>Complaint filed April 9, 2015 |

## NOTICE OF REMOVAL OF ACTION

1. Defendants Select Portfolio Servicing, Inc. ("SPS") and National Default Servicing Corp. ("NDSC") (collectively "Removing Defendants") hereby file this Notice of Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice, Removing Defendants state as follows:

2. Removing Defendants are named parties in a civil action filed by Okechukwu Obioma Ukaegbe ("Plaintiff"), proceeding in the Superior Court of the State of California for the County of Los Angeles, Civil Action Number BC578159 (the "State Court Action"). Plaintiff filed his Complaint in the State Court Action on April 9, 2015. The Summons in the State Court Action issued the same day.

## PROCEDURAL PREREQUISITES

3. This Notice is timely under 28 U.S.C. § 1446(b) because it is filed less than thirty days after service of the Summons and Complaint. Specifically, Removing Defendants were both served with the Summons and Complaint on April 13, 2015 (**Exhibits 1-2**). The remaining defendant, Bank of America, N.A. ("BANA"), was likewise served with the Summons and Complaint on April 13, 2015. (**Exhibit 3**.) Although BANA is not a party to this Notice, the undersigned counsel avers that BANA has consented to removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

4. As required by 28 U.S.C. § 1446, copies of all process and pleadings served upon Defendants and other documents filed in the State Court Action are attached hereto (**Exhibits 4-9**). Also as required by 28 U.S.C. § 1446, a removal notice together with a copy of the instant Notice of Removal shall be filed with the clerk of the Superior Court of the State of California in and for the County of Los Angeles, and shall be served on Plaintiff.

5. Removal to this Court in particular is proper under 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

-1-
NOTICE OF REMOVAL

6. No defendant other than Removing Defendants, along with BANA, has been named or served with summons in the State Court Action.

## DIVERSITY JURISDICTION

7. Removal of this action is proper under 28 U.S.C. § 1332 because the citizenships of the properly-joined parties is completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

### *Complete Diversity of Parties*

8. To Removing Defendants' knowledge, at both the time of the filing of the Complaint and the date of this Notice, Plaintiff is and was a citizen of the state of California. (*See* Ex. 5, Compl. at ¶¶ 1-2.)

9. SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah. A corporation is a citizen of the state where its principal place of business is located, and the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). Accordingly, both at the time of the filing of the Complaint and the date of this Notice, SPS is a citizen of the state of Utah.

10. NDSC is an Arizona corporation with its principal place of business in Phoenix, Arizona. A corporation is a citizen of the state where its principal place of business is located, and the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). Accordingly, both at the time of the filing of the Complaint and the date of this Notice, NDSC is a citizen of the state of Arizona.

11. To Removing Defendants' knowledge, BANA is a national banking association. A national banking association is considered a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *see also* 28 U.S.C. § 1348. BANA's articles of association designate Charlotte, North Carolina as its main office. Accordingly, both at the time of the filing of the Complaint and the date of this Notice, BANA is a citizen of the state of North Carolina.

*Satisfaction of Amount in Controversy*

12. Plaintiff is a homeowner and home loan borrower that has filed suit against various entities involved in the ownership, servicing, and/or non-judicial foreclosure of his home loan (hereinafter "Loan"). (*See* Ex. 5, Compl. at ¶¶ 3-14.) The crux of his allegations is that the named defendants failed to comply with certain pre-requisites imposed by the California Homeowner's Bill of Rights ("HBOR") prior to initiating non-judicial foreclosure proceedings against the Loan and property (located at 1467 E. Abbottson Street, Carson, California 90746) ("Property") that are the subject of the Complaint. (*See* Ex. 5, Compl. at ¶¶ 39-81.) Plaintiff also states several ancillary theories of relief premised upon the defendants' alleged failure to comply with the HBOR before foreclosing. (*See* Ex. 5, Compl. at ¶¶ 95, 98.) Plaintiff seeks an unspecified amount of damages in his Complaint and prays for, *inter alia*, a "permanent or final injunction enjoining Defendants … from continuing to harm" him. (*See* Ex. 5, Compl. at p. 29.)

13. It is established that in claims for equitable relief, "the amount in controversy is measured by the object of litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, because Plaintiff prays for an injunction stopping the foreclosure of the Loan and Property,[1] the objects of the litigation are the Loan and Property. *See Reyes v. Wells Fargo Bank, N.A.*, No. C-10-

---

[1] Given the substance of the allegations in the Complaint—which, again, essentially claim that the defendants failed to comply with the HBOR pre-requisites to non-judicial foreclosure—and that the requested relief is for an injunction preventing defendants from "harm[ing]" him, the only reasonable interpretation of this vague prayer is that Plaintiff seeks an injunction preventing defendants from foreclosing on the Loan and Property. Indeed, since Plaintiff is admittedly in default on the Loan (*see* Ex. 5, Compl. at ¶¶ 29, 50, 54), and is not currently making payments on the Loan (*see* Ex. 5, Compl. at ¶ 35), he cannot possibly purport to be "harmed" unless and until the foreclosure is completed and the Property sold. The statutes cited by Plaintiff in his Complaint support this notion. *See* Cal. Civ. Code §§ 2924.12(a)-(b) (prior to trustee's sale, as here, HBOR does not authorize an award of damages, but merely empowers courts to enjoin trustee's sale from occurring).

-3-

NOTICE OF REMOVAL

01667JCS, 2010 WL 2629785, at *5 (N.D. Cal. June 29, 2010) ("[T]he value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property"); *Zepeda v. U.S. Bank, N.A.*, No. SA CV 11-0909 DOC, 2011 WL 4351801, at *3 (C.D. Cal. Sept. 16, 2011) ("Though Plaintiff contends that he does not seek to invalidate the loan but rather to enforce his rights under California Civil Code §§ 2923.5 and 2924, enforcement of these sections is still dependent on the mortgage loan which is either owned or serviced by Defendants… [thus,] [n]otwithstanding the Complaint's ambiguity, the preponderance of the evidence indicates an amount in controversy in excess of $75,000"); *Gardner v. Nationstar Mortgage LLC*, No. 2:14-CV-1583-TLN-CKD, 2014 WL 7239496, at *2 (E.D. Cal. Dec. 16, 2014) (holding amount in controversy requirement satisfied where complaint sought "a temporary restraining order, preliminary injunction, and permanent injunction enjoining the foreclosure of the subject property"); *In re Ford Motor Co./Citibank (So. Dakota), N.A.,* 264 F. 3d 952, 958 (9th Cir. 2001) ("either viewpoint" rule requires that amount in controversy requirement be deemed satisfied when the "potential cost to the defendant of complying with the [requested] injunction exceeds" $75,000.00).

14. The amount of the Loan executed in connection with Plaintiff's purchase of the Property in 2007 was $472,000.00. (*See* Request for Judicial Notice filed concurrently herewith ("RJN"), Ex. 1.) The unpaid principal balance of the Loan, as of the date of this filing, is approximately $536,363.88. While the current value of the Property may deviate from the Loan amount, it is nevertheless "more likely than not" that the value still exceeds $75,000.00. *Sanchez v. Monumental Live Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *see also Cabriales v. Aurora Loan Svcs.*, No. C 10-161 MEJ, 2010 WL 761081, at *4 (N.D. Cal. March 2, 2010) (finding, absent evidence to contrary, subject property was worth more than $75,000.00 when original loan obtained in 2006 was for approximately $465,000.00). In fact, the current

"publicly available assessed value of the home," *McLaughlin v. Mortgage Elec. Registration Sys. Inc.*, CV-11-1864-PHX-JAT, 2012 WL 1520123 (D. Ariz. May 1, 2012), is approximately $470,606.00 (**Exhibit 10**).

15. Accordingly, the amount in controversy requirement has been met.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Accordingly, Removing Defendants respectfully request that this action proceed in this Court.

DATED: May 13, 2015             WARGO & FRENCH LLP

By: */s Jeff Williams*
    SHANON J. MCGINNIS
    JEFFREY N. WILLIAMS

Attorneys for Defendants Select Portfolio Servicing, Inc. and National Default Servicing Corp.