UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                 'O'

| Case No. | 2:15-cv-03584-CAS(JEMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | OKECHUKWU OBIOMA UKAEGBE V. SELECT PORTFOLIO SERVICING, INC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Larry Fieselman | Kristapor Vartanian |

**Proceedings:** MOTION OF OAKTREE LAW TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF (Dkt. 20, filed February 8, 2016)

## I.   INTRODUCTION AND BACKGROUND

On April 9, 2015, plaintiff Okechukwu Obioma Ukaegbe ("plaintiff") filed the instant action the Los Angeles County Superior Court against defendants Select Portfolio Servicing, Inc. ("SPS"), National Default Servicing Corporation ("NDS"), and Bank of America, N.A. ("Bank of America") (collectively "defendants"). Dkt. 1. On May 13, 2015, defendants removed this action to federal court, asserting diversity jurisdiction. See id. Plaintiff's nine claims arise out of defendants' alleged efforts to initiate and complete non-judicial foreclosure proceedings against his property.[1] See generally Compl.

On February 8, 2016, Oaktree Law ("Oaktree" or "Counsel") filed a motion to withdraw as plaintiff's attorney of record. Dkt. 20 ("Motion"). On February 16, 2016, defendants SPS and NDS filed an opposition to Oaktree's motion. Dkt. 23 ("Opp'n"). On February 17, 2016, Oaktree filed a reply. Dkt. 24 ("Reply").

On February 19, 2016, following defendants' filing of an unopposed ex parte application, the Court issued an order to show cause via the filing of a written response, on or before March 21, 2016, why this action should not be dismissed for failure to

---

[1] On August 26, 2015, defendant Bank of America was dismissed from this action, with prejudice, following its settlement of all claims asserted against it. See dkts. 9-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03584-CAS(JEMx) | Date | March 7, 2016 |
| Title | OKECHUKWU OBIOMA UKAEGBE V. SELECT PORTFOLIO SERVICING, INC, ET AL. | | |

prosecute.  Dkt. 26.  In its OSC, the Court "warned [plaintiff] that his failure to provide a satisfactory response may result in the dismissal of this action," and further ordered counsel for plaintiff "to promptly deliver a copy of this order to plaintiff."  Id.  In its order, the Court also granted defendants' request for an eight week continuance of the dates and deadlines set forth in the Court's initial scheduling order, in order to "permit the Court and the parties to resolve the pending motion to withdraw filed by plaintiff's counsel and the order to show cause."[2]  Id.

The Court held oral argument on March 7, 2016.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    DISCUSSION

Local Rule 83–2.3.2 allows an attorney to withdraw as counsel only upon leave of court.  If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]."  L.R. 83–2.3.5.  If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney."  L.R. 83–2.3.3.  However, the motion for leave to withdraw must be supported by "good cause;" notably,"[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause."  L.R. 83–2.3.2.

Attorney Larry Fieselman of Oaktree Law states in a declaration that he and his firm have served as counsel of record for plaintiff in the above-referenced case. Declaration of Larry Fieselman at ¶¶ 1-3.  Fieselman asserts that "the attorney-client relationship has broken down and cannot be repaired" because, *inter alia*, (1) "plaintiff has not provided [Counsel] with requested documents necessary to properly represent him in the ongoing proceeding," and (2) "[t]here is an outstanding balance owing from plaintiff to the firm and fees will substantially increase from this point forward."  Id. at ¶¶ 4, 7.  Fieselman further states that plaintiff has "missed his last appointment and is not

---

[2] In its order, the Court also "decline[d] at this juncture to issue an order compelling plaintiff's attendance at a deposition and defer[red] to the magistrate judge assigned to this case the question of whether an order to compel should issue."  Dkt. 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03584-CAS(JEMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | OKECHUKWU OBIOMA UKAEGBE V. SELECT PORTFOLIO SERVICING, INC, ET AL. | | |

returning [counsel's] telephone calls." Id. at ¶ 6.  In his motion, Fieselman asserts that "plaintiff has rejected [the firm's advice] regarding the pending case, instead directing counsel to proceed in a manner counsel believes is inappropriate under the circumstances and contrary to existing law."  Motion at 1.

In an opposition filed before this Court issued an OSC on February 19, 2016, defendants SPS and NDS (1) argue that Oaktree should not be permitted to withdraw as plaintiff's attorney of record, and (2) make a (now-mooted) request that this Court issue an OSC why this action should not be dismissed for failure to prosecute.  See Opp'n.  Defendants state that plaintiff "has done nothing to work this case up and has entirely abandoned the prosecution of the case, to such an extent that he failed to appear for the Court mandated mediation [on February 10, 2016] and will not be appearing for his properly noticed deposition [on February 23, 2016]."  Opp'n at 4.  Defendants argue that "[i]f Oaktree is now permitted to withdraw at the eleventh hour, [d]efendants will essentially have no opposing litigant to assist in bringing this case to a timely resolution, thus interfering with the orderly administration of justice."  Id. at 1.  In a reply, Oaktree contends that trial in this matter is nearly five months away and therefore plaintiff will have ample opportunity to secure replacement counsel, should he choose to do so.  Oaktree further avers that even if it is permitted to withdraw, defendants can nonetheless seek to have the case dismissed for plaintiff's failure to prosecute (e.g., for plaintiff's failure to appear at both mediation sessions and depositions).  See Reply.

For the reasons outlined in Fieselman's declaration, and in light of the Court's issuance of the aforementioned OSC on February 19, 2016, the Court finds that Oaktree has adequately demonstrated good cause for their withdrawal and that neither plaintiff nor defendants will be unfairly prejudiced by such withdrawal.  Oaktree is hereby ordered to provide plaintiff with notice of this Court's order in accordance with Local Rule 83-2.3.  Oaktree is further ordered to advise plaintiff that, in accordance with Local Rule 83-2.3.2, "[w]hen an attorney of record for any reason ceases to act for a party, such party must appear pro se or appoint another attorney by a written substitution of attorney signed by the party and the attorneys."  In addition, Oaktree shall again advise plaintiff that, in accordance with the Court's February 19, 2016 OSC, plaintiff's failure to prosecute this case may result in its dismissal.  In doing so, Oaktree shall attach a copy of this order, and shall otherwise comply with all applicable rules of professional responsibility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03584-CAS(JEMx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | OKECHUKWU OBIOMA UKAEGBE V. SELECT PORTFOLIO SERVICING, INC, ET AL. | | |

## III.   CONCLUSION

In accordance with the foregoing, Oaktree Law's motion to withdraw as counsel of record for plaintiff Okechukwu Obioma Ukaegbe is hereby **GRANTED**.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |